United States District Court
Southern District of Texas
**ENTERED**
September 28, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JARON THORNE, Plaintiff, | § | CIVIL ACTION NUMBER 4:25-cv-04825 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| WAY SERVICE, LTD, Defendant. | § | |

**ORDER ADOPTING**
**MEMORANDUM AND RECOMMENDATION**

This action concerns claims of an allegedly discriminatory and hostile work environment. Dkt 13 at 9–10. Plaintiff Jaron Thorne sued his former employer Defendant Way Service, Ltd, alleging that it had failed to promote him, denied him a bonus, and constructively discharged him in violation of Title VII of the Civil Rights Act of 1964 and Chapter 21 of the Texas Labor Code. Id at 3–10. The matter was referred for disposition to Magistrate Judge Peter Bray. Dkt 5.

Pending is a motion by Defendant to dismiss Plaintiff's second amended complaint. Dkt 15. It argues that (i) the failure-to-promote allegation is time-barred, (ii) Plaintiff failed to exhaust administrative remedies on his hostile work environment claim, and (iii) he fails to state a claim of race discrimination. Dkt 15 at 8. Plaintiff contends that he plausibly alleged equitable tolling, exhaustion of administrative remedies, and adverse employment actions. Dkt 16 at 1–2.

Pending is a Memorandum and Recommendation by Judge Bray, in which he concludes that Plaintiff failed to exhaust his claims as to a hostile work environment and failure to promote. Dkt 18 at 6–9. He also concludes that

Plaintiff failed to sufficiently allege race discrimination on all of his other claims. Id at 9–13. He thus recommends that the motion be granted and all of Plaintiff's claims be dismissed with prejudice. Id at 14. He also recommends that leave to amend be denied. Id at 13–14.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC §636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there is no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed objections. Dkt 19. Defendant responded. Dkt 20.

Plaintiff contends that the Magistrate Judge erred in concluding that the failure-to-promote claim is time barred. Dkt 19 at 6–7. He argues that a plaintiff need not establish a basis for equitable tolling at the pleading stage, but only a plausible basis for relief. Id. Among other things, he also contends that the Magistrate Judge erred by construing the allegations too narrowly and improperly concluding that Plaintiff failed to plausibly allege race discrimination. Id at 7–10. He argues that the allegations taken as a whole "permit a reasonable inference" that the stated reasons for Defendant's employment decisions "may have been pretextual." Id at 9.

Upon *de novo* review and determination, Plaintiff's objections lack merit. Judge Bray thoroughly and carefully considered, and correctly rejected, these arguments in his recommendation. Dkt 18 at 6–13. Defendant's response to the objections is well supported and equally persuasive. Dkt 20. As stated there, (i) the failure-to-promote claim is time-barred, id at 2, (ii) the claim for hostile work environment wasn't administratively exhausted, id at 3, (iii) the claim for race discrimination failed to meet Rule

12(b)(6) standards, id at 3–4, (iv) the comparator allegations are insufficient to plead disparate treatment, id at 4–5, and (v) the claim for constructive discharge fails, id at 5.

The objections by Plaintiff Jaron Thorne to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 19.

No clear error otherwise appears upon review and consideration of the Report and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 18.

The motion to dismiss by Defendant is GRANTED. Dkt 15.

This action is DISMISSED WITH PREJUDICE.

A final judgment will issue by separate order.

SO ORDERED.

Signed on September 28, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge